PETER SAWYER *vs.* CHARLES RYAN.

In an action of trespass on real estate, brought originally in the court of common pleas, the plaintiff is entitled, under Rev. Sts. *c.* 121, §§ 3, 13, to full costs, if he prevails, though he does not recover damages exceeding twenty dollars.

In an action of trespass, the declaration alleged that the defendant "broke and entered the plaintiff's dwelling-house in L., being the same dwelling-house occupied by the plaintiff, with force and arms, and did then and there imprison the plaintiff, for the space of one hour, without any legal or probable cause." *Held,* that this was an action of trespass on real estate — an action of trespass *quare clausum fregit* — and that the place of the alleged trespass was sufficiently designated by name, according to the requisition of *St.* 1839, *c.* 151, § 3.

THIS was an action of trespass, originally brought in the court of common pleas. The first count in the declaration

alleged " that said Ryan, on the first day of May last, [1846,] broke and entered the dwelling-house of said Sawyer, situate in Lancaster, being the same dwelling-house occupied by said Sawyer, with force and arms, and did then and there take and imprison the said Sawyer for a long space of time, to wit, for the space of one hour, and held him so imprisoned during all the said time, without any legal or probable cause, against the will of said Sawyer, and against the law of the land, and during said imprisonment threatened said Sawyer, and put him in great fear, for the purpose of unjustly extorting money from said Sawyer, and other wrongs to said Sawyer then and there did, against our peace," &c. The second count, after averring the breach and entry of the plaintiff's dwelling-house, as in the first count, alleged that said Ryan " did then and there take and imprison said Sawyer, and held him there detained for a long time, to wit, for the space of one hour, without any legal or probable cause, against the law of the land, and against the will of said Sawyer, and other wrongs to said Sawyer then and there did," &c. The third count averred the breach and entry of the plaintiff's dwelling-house, as in the first two counts, and alleged that the defendant ' then and there threatened said Sawyer, and put him in great fear, and endeavored to induce and compel him to pay a large sum of money to him, the said Ryan, without any legal cause, against the law, and against the will of said Sawyer, and other wrongs then and there did," &c.

The defendant pleaded the general issue, and set forth, in a specification of defence, that he should justify, on the ground that, at the time and place mentioned in the plaintiff's writ, the defendant was acting as assistant of a constable of the town of Lancaster, who had lawfully commanded his aid in the service of a search warrant ; and that all the trespasses, pretended in the plaintiff's writ, were lawful acts done as such assistant.

A trial was had in the court of common pleas, before *Merrick*, J. and a verdict was found for the plaintiff, and damages

assessed at one cent. The plaintiff moved for full costs which the court allowed. The defendant alleged exceptions.

*E. Fuller*, for the defendant. By Rev. Sts. *c.* 121, § 3, only one quarter part of the damages recovered is to be taxed as costs, in actions originally brought in the court of common pleas, if the plaintiff recovers not more than $20, "except actions of trespass on real estate," &c. The present cannot be considered an action of trespass on real estate; especially since the *St.* of 1839, *c.* 151, § 3, requires that, in such action, "the close or place of the alleged trespass shall be designated, in the writ and declaration, by name or abuttals, or other proper description." The plaintiff's declaration gives no designation or description of the place of the alleged trespass.

*Bacon*, for the plaintiff. Whenever, in an action for injury to real estate, the plaintiff can be put upon proof of title to the estate, he may sue in the court of common pleas, though he might sue before a justice of the peace, and is entitled to full costs. See Rev. Sts. *c.* 85, § 1; *c.* 121, §§ 3, 13. *Dummer* v. *Foster*, 7 Mass. 476. *Shurtleff* v. *Hutchins*, 10 Met. 248.

The place of the alleged trespass is sufficiently designated by name, in the writ. It is termed the dwelling-house of the plaintiff, in Lancaster, occupied by him.

SHAW, C. J. The plaintiff commenced his action in the court of common pleas, and recovered damages not exceeding $20; whereupon the plaintiff claims full costs, the right to which, under the statute, is denied by the defendant. This question, though involving but a small amount in the particular case, is an important one in practice. The law upon this subject has been so much altered by the revised statutes, that decisions under former statutes throw little or no light on the question. The provision now is, Rev. Sts. *c.* 121, § 13, "in all real actions, and in all actions of replevin and of trespass on real estate, actions on the case for disturbance of any easement, and all others, in which the title to real estate may be concerned, the party finally prevailing shall recover full costs

without regard to the amount of damages, if any, recovered in the action." This exception to the rule of one quarter as much cost as damage, in all actions " in which the title to real estate may be concerned," necessarily leads to the inquiry, how it shall appear that the title to real estate is concerned.

Formerly it was considered that the defendant must put in a plea of soil and freehold, or other special plea, by which the title to real estate shall be put in issue. But by the existing provision above cited, it is clearly not intended that it must appear by the pleadings. It is even provided in Rev. Sts. c. 85, § 11, that in actions before a justice of the peace, the defendant need file no plea in writing, but may orally deny the plaintiff's right to maintain his action, which the justice shall enter on his record. Then, whatever may be the form of the action, trespass on real estate, or for assault and battery, assumpsit or other kind of action, whenever one party asserts a right to any real estate, which the other denies, the fact, if not otherwise appearing, shall be stated on the record ; and if either party requests the same to be removed into the court of common pleas, it shall be done, and there entered and proceeded in, as an original action. Rev. Sts. c. 85, § 3. But if neither party desires to remove it, then, though the title to real estate is in question, the justice is not ousted of his jurisdiction, and he may go on and try it. But still, in order to secure a trial by jury, to either party wishing it, the case is open to appeal. But the difference will be this : If it appear by the justice's record, that the title to real estate was in question, though neither party requested its removal, then the plaintiff in case of recovering less than $20, is still within the exception, and shall recover his full costs ; but if no such entry appears on the justice's record, it is not within the exception, and the party shall recover a quarter costs only. The policy of these provisions is stated in the report of the commissioners, in note to Rev. Sts. c. 85.

The general rule therefore is, that where a party brings his action for more than $20, (which he must bring originally in the common pleas,) and the event shows that he had a good

cause of action for only a sum less than $20, he shall recover but one fourth as much costs as damages; because he ought to have gone to the cheaper and nearer tribunal. To encourage him to do so, when he has a plain, simple demand, which he has no reason to believe will involve an expensive controversy respecting the title to real estate, the law provides, that if his adversary will, in contesting such small claim, collaterally put in issue a title to real estate, he shall do it at the peril of paying the full costs, as if the plaintiff had brought his action originally in the higher court. But this applies only to actions not likely to draw in question the title to real estate, but excepts, in terms, those which do, or are likely to bring such question in issue. Accordingly, the exceptions are replevin, trespass on real estate, case for disturbance of an easement, which are likely to involve a question of title, and then adds all others, in which the title to real estate may in fact arise in the cause. Trespass on real estate is specifically excepted, and therefore comes within the still more general rule, that the party prevailing shall recover his costs. Rev. Sts. c. 121, § 1.

The only remaining question is, whether this is an action for trespass on real estate. The declaration, in each of its three counts, is somewhat anomalous, leaving it a little doubtful, whether the pleader intended the declaration as a charge of *quare clausum fregit*, or for the injury to his person by false imprisonment. No assault is alleged, and the imprisonment might have consisted in locking the plaintiff in, without assault. By *St.* 1839, c. 151, § 3, it is provided that, in actions *quare clausum fregit*, the close or place shall be designated by name, or abuttals, or other proper description. We think the terms " dwelling-house," of the plaintiff, in " his occupation," are a good description by name, and that the averment of breaking and entering is the averment of a trespass on real estate. The plaintiff is therefore entitled to his full costs, although he recovered but one cent damages.

*Exceptions overruled*