Fremont-Smith, J.
In this nuisance and trespass action, in which the plaintiff alleged that the Town had and was contaminating their property by directing contaminated water from its sewer system onto their property, the jury, by special jury verdict, found that the Town had created and maintained a nuisance on its own property with respect to plaintiffs property, and had trespassed onto Fortier’s property by diverting the contaminating water thereon. As the plaintiff s testimony with regard to damages was confined to plaintiffs opinion as to diminution in value of the real estate caused by the contamination, and did not include any damage evidence with respect to lost rental value, the jury was instructed that there was no basis upon which they could award any damages unless they found that the nuisance and trespass would not be abated in the foreseeable future. See Guaranty-First Trust Co. v. Testron, 416 Mass. 332, 336-37 (1993) (unless the nuisance is incapable of being abated, and is hence permanent, the proper measure of damages is loss of rental income rather than diminution in the value of the real estate). The jury determined that it was “probable that the Town will abate the nuisance or trespass at a time in the foreseeable future,” and awarded no damages. Judgment was subsequently entered for the defendant.
Plaintiff points out that M.G.L.c. 261, §6 provides; “the prevailing party in a real action or in replevin shall recover costs irrespective of the amount of damages recovered” and contends that, in light of the jury’s decision in his favor in regard to the Town’s maintenance of the nuisance and trespass, he is entitled to costs. However, the only relevant decided cases thereunder are cases in which a plaintiff had been awarded at least nominal damages. See Padelford v. Padelford, 24 Mass. 152 (1828), and Sawyer v. Ryan, 54 Mass. 144 (1847). It may further be noted, that at the time of the Sawyer and Ryan decisions, the statute provided that “the party finally prevailing shall recover full costs, without regard to the amount of damages, if any, recovered in the action.” The present version of the statute, however, omits “if any,” from which it may be inferred that at least some damage award is now contemplated. Blacks Law Dictionary (6th edition), moreover, defines “prevailing party” as “the party to a suit who successfully prosecutes the action or successfully defends it, prevailing on the main issue, even though not necessarily to the extent of his original contention. The one in whose favor the decision or verdict is rendered and judgment entered.” The definition goes on to state that “as used in Federal Civil Procedure Rule 54(d), which provides that costs shall be allowed as of course to prevailing party unless court otherwise directs, ‘prevailing party’ means a party who has obtained some relief in an action, even if that party has not sustained all of his or her claims.” Here, plaintiffs obtained no relief and, in the Court’s view, cannot be considered to have “prevailed” within the meaning of the statute or the identical Rule 59(d) of the Massachusetts Rules of Civil Procedure.
While the result may appear to be harsh, the Court must note that, at trial, the Court suggested to the pro se plaintiff that he might wish to resume the stand after he had testified, to state his opinion as to lost rental value of the property, pointing out to him that no damages could be awarded based upon the evidence as it then stood, unless if the jury found that the abatement and nuisance were permanent. The plaintiff declined to do so. The Court also pointed out to the plaintiff, at the hearing on this motion, that his complaint had sought no injunctive relief, but that the Court would seriously consider a motion, or a new action for injunctive relief premised upon the jury’s finding of liability. This suggestion was likewise rejected by the plaintiff.
ORDER
For each of the above reasons, plaintiffs motion to amend judgment is denied.